Law Office of Thomas A. Lappin  (CSBN) 187592
1010 Second Avenue, Suite 2300
San Diego, CA 92101
Telephone:  619-238-8080

Attorneys for Petitioner
JUAN DE LA TORRE-FLORES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUAN DE LA TORRE-FLORES,
SERVANDO DE LA TORRE    Plaintiffs,  )
                                      )
v.                                    )
                                      )
                                      )
JANET NAPOLITANO, Secretary           )
Department of Homeland Security       )
HILARY RODHAM CLINTON,                )
Secretary of the U.S. Department of State )
YOLANDA MIRANDA, Field Office         )
Director, Ciudad Juarez Field Office  )
                                      )

NO.  **'11 CV 2698 IEG   WVG**

**PETITION FOR WRIT OF
MANDAMUS AND COMPLAINT
FOR DECLARATORY AND
INJUNCTIVE RELIEF**

**INTRODUCTION**

This is an individual action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, et seq. This action challenges the policy of the former Immigration and Naturalization Service (now Department of Homeland Security) of placing aliens into expedited removal proceedings pursuant to Immigration and Nationality Act (INA) § 235(b)(1); 8 U.S.C. § 1225(b)(1) in violation of INA § 235(b)(1)(A)(II); 8 U.S.C. § 1225(b)(1)(A)(II). Specifically, this is an individual action for declaratory judgment and mandatory relief for the Petitioner Juan De La Torre (De La Torre) as he was ordered removed from the United States pursuant to INA § 235(b)(1); 8 U.S.C. § 1225(b)(1) on or about June 17, 1998. The Petitioner submits that he was placed into INA § 235(b)(1); 8 U.S.C. § 1225(b)(1) despite the fact that he had been residing in the United States since 1989. This denied him the right to seek relief from the Immigration Judge as he would have been entitled had he been properly placed into INA § 240; 8 U.S.C. § 1229a removal proceedings. Based on the removal order, Petitioner was denied relief pursuant to INA § 245; 8 U.S.C. § 1255 that he would have otherwise been entitled. Further, this is an action by Petitioner Servando De La Torre (Servando), a United States citizen and son of Juan De La Torre. Petitioner Servando has filed an I-130 visa petition on behalf of his father and seeks relief before this court to compel the United States Department of State, though its field office in Ciudad Juarez, Mexico, to adjudicate his father's request for admission to the United States despite the bar to admission presented by INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c).

**JURISDICTION**

This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction; 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the

Administrative Procedures Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

## VENUE

28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Petitioner Servando is a resident of the Southern District of California, and Plaintiff Juan De La Torre formerly resided in the Southern District and his action commenced in the Southern District and Respondent Janet Napolitano operates within this district though its local office, the place of Petitioner De La Torre's prior application for adjustment of status. This Respondent, through it's local office, denied Petitioner's application for adjustment of status based on the prior removal order.

## PARTIES

Petitioner Servando is the petitioner and Petitioner De La Torre is the beneficiary of an I-130 visa petition. Petitioner De La Torre wishes to complete the immigration process at the field office located in Ciudad Juarez. Both Petitioners are persons of good moral character, in that neither of them has any criminal record, and both are upstanding members of the communities in which they live. Petitioner De La Torre previously applied for Adjustment of Status and a waiver of the prior removal, but was denied based on the expedited removal order from 1998 and the bar per INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c).

Respondent Napolitano is sued in her official capacity as the Secretary of the Department of Homeland Security. In that capacity, she has the responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C § 1103(a). Respondent Hilary Rodham

Clinton is sued in her official capacity as Secretary of State. In this capacity she carries out the policy of the United States through the State Department and it's foreign missions. Respondent Yolanda Miranda is sued in her official capacity as field office director of the Ciudad Juarez Field Office. As the field office director, Director Miranda has jurisdiction over immigration benefits in the Mexican States of Chihuahua and Durango.

## INDIVIDUAL ACTION ALLEGATIONS

Plaintiffs bring this action on behalf of themselves, as applicants for consular processing before the Ciudad Field Office of the Department of State and pursuant to the Immigration laws of the United States.

## STATEMENT OF FACTS

### Overview of the Law

Immigration and Nationality Act (INA) § 235(b)(1)(A)(i); 8 U.S.C. § 1225(b)(1)(A)(i) of the Act authorizes an immigration officer to order certain aliens "removed from the United Sates without further hearing or review." Unlike removal proceedings under INA § 240; 8 U.S.C. § 1229a, expedited removal proceedings enable the Department of Homeland Security to remove an alien without a hearing before an Immigration Judge. *American Immigration Lawyers Ass'n v. Reno*, 199 F.3d 1352, 1354 (D.C. Cir. 2000) ("Before IIRIRA, if immigration officials could not verify an alien's admissibility at secondary inspection, the alien was entitled to defend his eligibility at an exclusion hearing before an immigration judge."). In an expedited removal hearing, if an immigration officer determines that the alien is inadmissible under INA §§ 212(a)(6)(C) or section 212(a)(7); 8 U.S.C. §§ 1182(a)(6)(C) or (7), the alien will be ordered removed without further hearing or review, unless the alien expresses an intention to apply for asylum, a fear of persecution, or a claim to lawful status or United States citizenship. INA § 235(b)(1)(A); 8 C.F.R. §§ 1235.3(b)(4), (5). Administrative

review in the context of expedited removal proceedings is circumscribed by statute and regulations. INA § 235(b)(1)(C); 8 C.F.R. §§ 1235.3(b)(2)(ii), (5)(iv), (7).

Under INA § 235; 8 U.S.C. 1225 and its implementing regulations, arriving stowaways, certain arriving aliens at ports of entry who are inadmissible under INA § 212(a)(6)(C); 8 U.S.C. § 1182(a)(6)(C) (because they have presented fraudulent documents or made a false claim to U.S. citizenship or other material misrepresentations to gain admission or other immigration benefits) or 212(a)(7); 8 U.S.C. § 1182(a)(7) (because they lack proper documents to gain admission), and certain designated aliens who have not been admitted or paroled into the U.S., are immediately removable from the United States by the Department of Homeland Security, unless they indicate an intention to apply for asylum or indicate a fear of return to their home country.

The statute specifically bars: all claims arising from or relating to the implementation of an INA § 235(b); 8 U.S.C. § 1225(b) expedited removal order; challenges to a decision by the Attorney General to invoke INA § 235(b); 8 U.S.C. § 1225(b) expedited removal, which includes the reasons the decision was made; challenges to the actual use of INA § 235(b); 8 U.S.C. § 1225(b) expedited removal on an alien, including expedited removals of aliens found subject to expedited removal even when found in the interior of the country; and challenges to the procedures and policies adopted by the Attorney General to implement INA § 235(b); 8 U.S.C. § 1225(b) expedited removal.

No courts, including the courts of appeals, can issue declaratory, injunctive, or other forms of equitable relief pertaining to an INA § 235(b); 8 U.S.C. § 1225(b) expedited removal order; nor can they certify a class in an action challenging an INA § 235(b); 8 U.S.C. § 1225(b) expedited removal order. Notwithstanding this bar, several aspects of an INA § 235(b); 8 U.S.C. § 1225(b) expedited removal order can still be reviewed through habeas corpus. Habeas review is limited to determinations as to whether (1) the habeas petitioner is an alien; (2) he is the actual person named in

the order; (3) he is lawfully admitted for permanent residence; (4) he has refugee status; or (5) he has been granted asylum. Furthermore, challenges to the constitutionality of the law authorizing INA § 235(b); 8 U.S.C. § 1225(b) expedited removal or of regulations promulgated to implement INA § 235(b); 8 U.S.C. § 1225(b) expedited removals and challenges as to whether the regulations are inconsistent with or in violation of the law are also available, but can be heard only by the United States District Court for the District of Columbia.

While a statute of few words, the statute, found at INA § 235(b)(1)(A)(i); 8 U.S.C. § 1225(b)(1)(A)(i), gives extraordinary authority to immigration inspectors to order the removal of aliens. This authority is unreviewable through any independent administrative process, unlike the removal orders of Immigration Judges, who, prior to 1996 had sole authority to order deportation and exclusion and whose decisions are reviewable by the Board of Immigration Appeals. The expedited removal orders are also not subject to judicial review, again unlike the removal orders of Immigration Judges, which are reviewable through petitions for review or petitions for writ of habeas corpus or both. With the passage of this provision, the immigration laws were converted to a system where officers of the former INS and now DHS apprehended and gathered evidence of removability for immigration judges to review, to a system where the lion's share of ordering of removal is conducted by the agency.

The expedited removal process is laid out at INA § 235; 8 C.F.R. § 235.3(b). It describes who must be removed under this process and identifies exceptions to expedited removal. As indicated in the statute it applies to arriving aliens who are inadmissible pursuant to INA §§ 212(a)(6)(C) or 212(a)(7); 8 U.S.C. §§ 1182(a)(6)(C) or (7) and only those sections. Should the agency decide to charge any other grounds of inadmissibility, the alien must be put in normal removal proceedings. There is an exception, however, set forth at INA § 235(a)(iii)(II); 8 U.S.C. § 1225(a)(iii)(II), which

provides that an alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the *2- year period immediately prior* to the date of the determination of inadmissibility under this subparagraph. (Emphasis added).

Expedited removal orders, which are governed by INA § 235; 8 U.S.C. § 1225, empowers border agents to unilaterally and expeditiously remove an alien at the border from the United States "without further hearing or review," in the event that the agent determines that the alien is "inadmissible" under various sections of the INA. However limited exceptions apply, including the exception set forth in the preceding paragraph. This exception is of extreme importance to the case at bar.

### Overview of Relevant Facts

Petitioner De La Torre first entered the United States on or about 1989. He found gainful employment despite his lack of legal status in the United States and began his physical residence at that time. In May of 1998 he departed the United States to visit family in Mexico. On or about June 17, 1998 he attempted to enter the United States to return to his home and family. Petitioner De La Torre attempted to enter the United States with an entry document not lawfully issued to him. He was denied entry by officers at the San Ysidro Port of entry and taken into custody and questioned. During the interview the officer questioned Mr. De La Torre about his nationality and citizenship and how and where he procured the document to attempt to enter the United States. **The officer did not question Mr. De La Torre about his residence for the previous 2 years or if he had ever previously been in the United States**. This was information vital to this matter and the officer's failure to question Mr. De La Torre severely harmed his future rights in the United States.

Petitioner De La Torre was a derivative beneficiary of an I-140 filed on behalf of his wife

Maria De La Torre with a priority date of April 3, 2001. Mrs. De La Torre adjusted status on August 17, 2004. On May 11, 2007, Mr. De La Torre applied to adjust status pursuant to INA § 245(i); 8 U.S.C. § 1255(i) Mr. De La Torre also filed a request for a waiver of the grounds of inadmissibility resulting from his removal order pursuant to INA §§ 212(a)(9)(B)(v) & 212(i); 8 U.S.C. §§ 1182(a)(9)(b) & 1182(i). On or about June 19, 2009, Mr. De La Torre's petition was denied by USCIS based his prior removal order pursuant to INA § 235(b)(1); 8 U.S.C. § 1225(b)(1). He was later removed from the United States.

Petitioner De La Torre now resides in Mexico. He wishes to immigrate to the United States through a visa petition filed on his behalf by his United States citizen son, Petitioner Servando. Based on the bar to admission pursuant to INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c), Petitioner De La Torre will be denied admission at the Ciudad Juarez field office if this Court does not grant declaratory and injunctive relief. Petitioner submits that based on the fact that he had resided in the United States for nearly ten (10) years prior to his apprehension at the Port of Entry his subsequent removal pursuant to INA § 235(b)(1) was clearly erroneous. His only remedy is through this action and Petition.

///

///

## **CLAIM FOR RELIEF**

Petitioners reallege and incorporate by reference the foregoing facts and law. Petitioner De La Torre submits the former INS, now DHS, violated his right to have a hearing before an immigration judge by erroneously placing him in INA § 235; 8 U.S.C. § 1225 expedited removal proceedings, when clearly he had been present in the United States for more than the previous two (2) years at the time of his apprehension. This error caused him to be subject to a bar from admission pursuant to

INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c), a bar without waiver.

Petitioners submits that by the erroneous actions of border agents on or about June 17, 1998, Respondent Napolitano through her predecessors, deprived Petitioner De La Torre the right to be lawfully admitted to the United States and denied Petitioner Servando the right to immigrate his father to the United States.

Petitioners submit they have suffered a legal wrong and have been adversely affected by the actions of the federal agencies. Agents of the Respondents have erroneously applied the law and by this error have denied Petitioners a fundamental and valuable right.

Petitioners submit that Respondent's Clinton and Miranada owe them a duty to adjudicate Petitioner De La Torres' application through their field office in Ciudad Juarez without applying the bar to admission pursuant to INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c). Petitioners are not asking this Court to exceed its jurisdiction by requesting this Court adjudicate said application, only to enjoin the Respondent's from applying the bar that resulted from the agency's error(s).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners pray that the Court:

(1)    Assume jurisdiction of this cause;

(2)    Enter an order that this cause be maintained as a individual action;

(3)    Declare that the agents of the former INS, now DHS, erred in placing Petitioner De La Torre in expedited removal proceedings;

(4)    Declare that Respondent's actions were an arbitrary and capricious abuse of discretion;

(5)    Compel Respondents and those acting under them to perform their duty to adjudicate Petitioner De La Torre's petition without enforcing the bar pursuant to INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c);

8

(6)    Declare that regardless of the date of the Court's decision, the Petitioner De La Torre be deemed eligible to enter the United States as a lawful permanent resident, despite the application of INA § 212(a)(9)(c); 8 U.S.C. § 1182(a)(9)(c);

(7)    Grant such other and further relief as this Court deems proper under the circumstance; and

(8)    Grant attorney's fees and costs of court.

Respectfully submitted

/s/ Thomas A. Lappin

Thomas A. Lappin
Attorney for Petitioners

9

**CERTIFICATE OF SERVICE**

UNITED STATES DISTRICT COURT CENTRAL DISTRICT

Proof of Service by Mail

I am a citizen of the United States of America over the age of 18, a resident of San Diego County and not a party to the action. My business address is: 1010 Second Avenue, Suite 2300, San Diego, CA 92101.

I certify that On 14 NOVEMBER, 2011, I served a copy of the attached PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF in said action by placing a true copy of each, enclosed in a sealed envelope, first- class U.S. mail, postage prepaid, and addressed as follows:

Office of the General Counsel
United States Department of Homeland Security
Washington, DC 20258

/s/ Thomas A. Lappin

Thomas A. Lappin, Esq.
1010 Second Avenue, Suite 2300
San Diego, CA 92101
(619) 238-8080 (voice)

Attorney for Petitioners

10

1

## **APPENDIX TO WRIT OF MANDAMUS**

2   Exhibit A. Approval Notice for I-130 filed by Servando De La Torre on behalf of Juan De La Torre

3   Exhibit B. Notice of Decision from USCIS regarding I-485 application from Juan De La Torre

4   Exhibit C. Declaration of Servando De La Torre

5

6   Exhibit D. Declaration of Juan De La Torre

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

2011-03-07-09-23 NVC-INTONBARK · 0058        760-806-7569        619 238 9080  P 2/2
U.S. Citizenship and Immigration Serv                                    I-797, Notice of Action

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER WAC-10-901-81669 | | CASE TYPE I130  IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN |
| RECEIPT DATE July 27, 2010 | PRIORITY DATE July 20, 2010 | PETITIONER  A096 361 476 DE LA TORRE, SERVANDO |
| NOTICE DATE March 1, 2011 | PAGE 1 of 1 | BENEFICIARY  A077 217 864 DE LA TORRE, JUAN |

SERVANDO DE LA TORRE
107 MCKINLEY ST
OCEANSIDE CA 92057

Notice Type:  Approval Notice
Section: Parent of U.S. Citizen, 201(b)
          INA

The above petition has been approved. We have sent the original visa petition to the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. NVC will then forward the approved petition to that consulate.

The NVC will contact the person for whom you are petitioning (beneficiary) concerning further immigrant visa processing steps.

If you have any questions about visa issuance, please contact the NVC directly. However, please allow at least 90 days before calling the NVC if your beneficiary has not received correspondence from the NVC. The telephone number of the NVC is (603) 334-0700.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (800) 375-5283



Form I-797 (Rev. 01/31/05) N

# EXHIBIT B



. Department of Homeland Security
..0 Front Street, Room 1234
San Diego, CA 92101



**U.S. Citizenship
and Immigration
Services**

Date:   JUN 1 9 2009

Mr. Juan De La Torre Flores
107 McKinley
Oceanside, CA 92057

### NOTICE OF DECISION

RE: A077 217 864

Dear Mr. De La Torre Flores:

This notice is in reference to Form I-485, Application to Register Permanent Resident or Adjust Status, which you filed with the Agency on May 21, 2007. You are requesting adjustment of status under section 245 of the Immigration and Nationality Act, as amended.

Section 245 of the Act, states:

(a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe to that of an alien lawfully admitted for permanent residence if...(2) The alien is eligible to receive a visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

You were removed from the United States under a removal order and illegally returned on or about June 18, 1998.

Section 212(a) of the Act states in pertinent part:

Classes of Inadmissible Aliens - except as otherwise provided in this Act, the following describes classes of inadmissible aliens who are ineligible to receive visas and who shall be inadmissible for admission to the United States.

Section 212(a)(9)(A) of the Act states:

*Certain aliens previously removed.-*

RE: A077 217 864

(i)    *Arriving aliens.*-Any alien who has been ordered removed under Section 235(b)(1) or at the end of proceedings under Section 240 initiated upon the alien's arrival in the United States and who again seeks admission within 5 years of the date of such removal (or within 20 years in the case of a second or subsequent removal or at any time in the case of an alien convicted of an aggravated felony) is inadmissible.

(ii)    *Other aliens.* – Any alien not described in clause (i) who-

(I)    has been ordered removed under Section 240 or any other provision of law, or

(II)    departed the United States while an order of removal was outstanding, and who seeks admission within 10 years of the date of such alien's departure or removal (or within 20 years of such date in the case of a second subsequent removal or at any time in the case of an alien convicted of an aggravated felony) is inadmissible.

(iii)    *Exception*-Clause (i) and (ii) shall not apply to an alien seeking admission within a period if, prior to the date of the alien's reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory, the Attorney General has consented to the alien's reapplying for admission.

Your Application for Permission to Reapply for Admission Into the United States After Deportation or Removal, Form I-212 was denied. Therefore, you are inadmissible, and the adjustment application is hereby denied.

This decision may not be appealed. However, you may file a motion to reopen in accordance with 8 CFR 103.5(a)(2). The motion must be filed within thirty (30) days of the service of this decision and must be filed with evidence that the decision was in error because:

(1) The requested evidence or information was not material to the issue of eligibility;

(2) The requested evidence or information was already submitted with the application;

(3) The requested evidence or information was, in fact, submitted in a timely manner, or;

(4) The request was misdirected to an address other than that of the petitioner or applicant.

Please note that the motion **must** address the above issues. Submission at this time of the information and/or evidence previously requested will **not** serve to overcome the decision.

2

RE: A077 217 864

JUN 1 6 2006

The motion may be submitted on Form I-290b, **TO USCIS ATTN: MTR UNIT P.O. BOX 805887, CHICAGO, IL 60680** by cashier's check or money order made payable to the U.S. Citizenship and Immigration Services.   **DO NOT SEND CASH**. Refer to www.uscis.gov <http://www.uscis.gov> for the current filing fees. You may also file the motion to reopen locally per instructions on form.

Sincerely,

Paul M. Pierre
District Director

cc:   Jan Joseph Bejar, Esq.
      2727 Camino Del Rio South, Suite 110
      San Diego, CA 92108

SND 002732

3

# EXHIBIT C

## DECLARATION OF SERVANDO DE LA TORRE

I, Servando De La Torre, declare:

1.     That I was born in Monterrey, Mexico and that I am a naturalized United

States citizen;

2.     That I am the son of Juan De La Torre-Flores. That I filed form I-130 on

behalf of my father on and that this visa petition has been approved by United

States Citizenship and Immigration Services. I have been advised by the U.S.

Department of State that the visa is eligible for further processing at the

National Visa Center. It is my intention and desire to continue this process on

behalf of my father;

3.     That my father had previously applied for adjustment of status pursuant

to INA § 245(a) and 245(i) in the United States. My father's application was

denied on June 19, 2009 based on a bar to reentry pursuant to INA §

212(a)(9)(c). That it is my understanding that my father's prior adjustment of

status application was denied based on his prior removal from the United States

on June 18, 1998 pursuant to INA § 235. As I understand the decision, my

father was deported in 1998 under a section of law that allowed the officers to

process the order without allowing my father to see a judge. However, it is also

my understanding that this section of law pertained to those who had not been

living in the United States prior to their apprehension;

4.    That my father had lived continuously in the United States since 1989. That I entered the United States to join my father in 1993. That I lived in the United States from 1993 until the present day. I lived with my father until he was deported to Mexico in 2010. I attended school beginning in second grade and graduated from high school. That my father lived with me and my family since I entered the United States. That my father traveled to Mexico in 1998 to visit family. He was only in Mexico for approximately three weeks;

5.    That my father had lived in the United States for nearly ten years prior to his apprehension at the Point of Entry. That as a result of his deportation under INA § 235, my father has been deported from the United States and banned for at least 20 years from returning. This is despite the fact that I am a United States citizen and a visa is currently available for my father to immigrate;

6.    That it has been explained to me that my application on behalf of my father will be denied based on the INA § 212(a)(9)(c) bar that resulted from his apprehension and deportation in 1998. That my entire family lives in the United States and my father's absence is a hardship on us all;

7.    That it is my opinion and belief that the officers were incorrect to deport my father under INA § 235. He had been living in the United States for many years and was returning to our family home after a brief visit to Mexico. Had he not been mistakenly deported under this section of law, I am told that he would be eligible to reenter the United States under my application;

8.    Since my father was deported to Mexico it has been difficult for my

family. My mother, a naturalized United States citizen, misses my father and

worries about his safety and her safety as well. The worrying is affecting her

health;

I declare under penalty of perjury under the laws of the State of California that

the foregoing is true and correct.


Dated: 10/13/11          Signed ~~~~~~~~

                                  Servando De La Torre

# EXHIBIT D

## DECLARATION OF JUAN DE LA TORRE-FLORES

I, Juan De La Torre-Flores, declare:

1.    I am the father of Servando De La Torre, a naturalized United States citizen;

2.    That my son filed form I-130 on my behalf on and that this visa petition has been approved by United States Citizenship and Immigration Services. I have been advised by the U.S. Department of State that the visa is eligible for further processing at the National Visa Center. My son intends to continue this process on my behalf;

3.    That I previously applied for adjustment of status pursuant to INA § 245(a) and 245(i) in the United States on May 21, 2007. My application was denied on June 19, 2009 based on a bar to reentry pursuant to INA § 212(a)(9)(c). That it is my understanding that my adjustment of status application was denied based on my prior removal from the United States on June 18, 1998 pursuant to INA § 235. As I understand the decision, I was deported in 1998 under a section of law that allowed the officers to process the order without allowing me to see a judge or contest my deportation. However, it is also my understanding that this section of law pertained to those who had not been living in the United States prior to their apprehension;

4.    That I had lived continuously in the United States since 1989. That my son joined me in 1993. That I traveled to Mexico in 1998 to visit family and

only planned on staying in Mexico for a few weeks. That it was always my intention to return to my family and home in Oceanside, California;

5.      That I had lived in the United States for nearly ten years prior to my apprehension at the Point of Entry. The officers did not allow me to see a judge, offer evidence on my behalf, or to contest my deportation in any way. That as a result of my deportation under INA § 235, I have been deported from the United States and banned for at least 20 years from returning. This is despite the fact that my children and wife are United States citizens;

6.      That my understanding is that the application filed on my behalf by my son will be denied based on the INA § 212(a)(9)(c) bar that resulted from my apprehension and deportation in 1998. That my entire family lives in the United States and I have been exiled from them for at least 20 years. I am 52 years old and am afraid that I will never be allowed to return to my home and family unless the mistake made more than 10 years ago is remedied;

7.      That it is my opinion and belief that the officers were incorrect to deport me under INA § 235. I had been living in the United States for many years and was returning to my family and my home after a brief visit to Mexico. Had I not been mistakenly deported under this section of law, I am told that I would be eligible to reenter the United States under my application.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 10/14/11                    Signed

                                                 Juan De La Torre-Flores

%JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Juan De La Torre-Flores, Servando De La Torre

**DEFENDANTS**
Janet Napolitano, Hilary Rodham Clinton, Yolanda Miranda

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Thomas A. Lappin    (619) 238-8080
1010 Second Avenue, Suite 2300 San Diego, CA 92101

Attorneys (If Known)

**'11 CV 2698 IEG   WVG**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

❏ 1   U.S. Government Plaintiff

❏ 3   Federal Question
(U.S. Government Not a Party)

☒ 2   U.S. Government Defendant

❏ 4   Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ☒ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1   Original Proceeding

❏ 2   Removed from State Court

❏ 3   Remanded from Appellate Court

❏ 4   Reinstated or Reopened

❏ 5   Transferred from another district (specify)

❏ 6   Multidistrict Litigation

❏ 7   Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C Sections 1331,1361, 2201
Brief description of cause:
Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief

**VII. REQUESTED IN COMPLAINT:**

❏   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ⊙ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):

JUDGE

DOCKET NUMBER

DATE
11/17/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE