# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE LA TORRE-FLORES, et al., <br><br> Plaintiff, <br><br> vs. <br><br> NAPOLITANO, et al., <br><br> Defendants. | CASE NO. 11-CV-2698-IEG (WVG) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** <br><br> [Doc. No. 13] |

Presently before the Court is Defendants'[1] Motion to Dismiss or for Summary Judgment. [Doc. No. 13.] For the reasons stated below, the Court **GRANTS** Defendants' motion to dismiss for both lack of subject matter jurisdiction and failure to state a claim, and **GRANTS** Defendants' motion for summary judgment. Accordingly, this case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

**I.    Facts**

This case is brought by Plaintiffs Juan De La Torre-Flores ("Torre-Flores"), a citizen and current resident of Mexico, and Servando De La Torre ("De La Torre"), a citizen of the United States and Torre-Flores's son. [*See* Doc. No. 1.] It arises out of the June 1998 expedited removal of Torre-Flores. [*See, e.g.*, Doc. No. 1 at 6.][2]

Torre-Flores had been residing undocumented in the United States since 1989, when, in

---

[1]    Defendants are Janet Napolitano, Secretary, Dept. of Homeland Security; Hillary Rodham Clinton, Secretary, Dept. of State; and Yolanda Miranda, Field Office Director, Ciudad Juarez.

[2]    These facts are taken from the complaint. [Doc. No. 1.]

May 1998, he left to visit family in Mexico. [*Id*.] Attempting to return, on June 16, 1998, he applied for admission to the United States at the San Ysidro port of entry with "documentation not lawfully issued to him." [*Id*.] Having presented false documentation, he was subject to expedited removal proceedings, removed to Mexico on June 17, 1998, and barred from readmission for five years. [*Id*.] The next day, he reentered the United States without inspection. [*Id*.]

On May 11, 2007, Torre-Flores filed an application to adjust status and a request for a waiver of grounds of inadmissability resulting from his prior removal order. [*Id*. at 7.] On June 19, 2009, both were denied by the Department of Homeland Security, United States Citizenship and Immigration Services. [*Id*.] On March 24, 2010, Department of Homeland Security officials apprehended Torre-Flores, reinstated removal proceedings and removed him to Mexico, and instituted a twenty-year bar to his readmission. [*Id*.] Torre-Flores currently resides in Mexico and seeks to immigrate to the United States through a visa petition filed on his behalf by De La Torre [*Id*.]

## II.     Procedural History

On November 11, 2011, Plaintiffs (erroneously referring to themselves as "Petitioners") filed a Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief, which requested that the Court assume jurisdiction, declare that the Immigration and Naturalization Service erred in placing Torre-Flores in expedited removal proceedings, and mandate that immigration officials allow Torre-Flores to enter the United States as a lawful permanent resident. [Doc. No. 1.]

On November 30, 2011, the Court (treating the complaint as mislabeled, *i.e.*, a petition) ordered Defendants (erroneously referred to as "Respondents" by Plaintiffs) to show cause why the petition should not be granted. [Doc. No. 3.] On December 23, 2011, Defendants filed a response to the Court's Order to Show Cause, contending that as an action for relief in the nature of mandamus, this action had to proceed as a complaint, not as a petition. [Doc. No. 4.] On January 25, 2012, the Court discharged its Order to Show Cause as improvidently issued. [Doc. No. 8.]

On February 27, 2012, Defendants answered the complaint, [Doc. No. 9.], and on April 20, 2012, the parties participated in an Early Neutral Evaluation before Magistrate Judge William

Gallo, who ordered Defendants to file a motion for summary judgment. [*See* Doc. Nos. 11, 12.] On May 21, 2012, Defendants filed the present Motion to Dismiss or for Summary Judgment, [Doc. No. 13.], Plaintiffs filed an opposition on June 25, 2012, [Doc. No. 15], and Defendants filed a reply on July 6, 2012, [Doc. No. 17]. The Court heard oral argument from the parties on July 23, 2012. [*See* Doc. No. 18.]

## **DISCUSSION**

Plaintiffs' complaint presents two questions:

1. Was Torre-Flores's June 1998 expedited removal order erroneous?; and
2. Does the expedited removal regime itself run afoul of the Suspension Clause?

Because neither question falls within this Court's jurisdiction, the Court **GRANTS** Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1). Moreover, even were jurisdiction proper, Plaintiffs fail to state any cognizable legal theory or to raise any dispute as to material fact. Thus, the Court additionally **GRANTS** Defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56.

**I.      Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Where, as here, a party moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

**A.      No Jurisdiction Over Challenge to Expedited Removal Order**

As to Plaintiffs' challenge to Torre-Flores's June 1998 expedited removal, the four asserted bases for jurisdiction[3] fail because this Court's jurisdiction over expedited removal orders is explicitly and severely limited by the Immigration and Nationality Act ("INA").[4] The INA states

---

[3]      (1) 28 U.S.C. § 1331; (2) the Declaratory Judgment Act; (3) the Administrative Procedures Act ("APA"); and (4) 28 U.S.C. § 1361 ("in the nature of mandamus"). [Doc. No. 1 at 1-2.]

[4]      Plaintiffs' asserted jurisdictional bases fail for additional reasons. Neither the APA nor mandamus provide jurisdiction here because, *inter alia*, Plaintiffs fail to allege a nondiscretionary duty that an agency or official failed to act upon, and instead challenge the propriety of the duties themselves. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004) (APA jurisdiction requires petitioner to show, among other things, an agency failed to act on a

in pertinent part:

> "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review . . . except as provided by [1252(e)], any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of [expedited] removal."

8 U.S.C. § 1252(a)(2)(A).

The Ninth Circuit holds that this statute "strictly circumscribes the scope of review of expedited removal orders to the grounds enumerated in § 1252(e)," which in turn "expressly limit the scope of such review to habeas petitions alleging that the petitioner is not an alien or was never subject to an expedited removal order." *Garcia de Rincon v. Dept. of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008); *see also* 8 U.S.C. § 1252(e). Moreover, § 1252(e)(5) flatly states: "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). Thus, "[b]y the clear operation of these statutes," federal courts "are jurisdictionally barred" from hearing direct challenges to expedited removal orders. *Garcia de Rincon*, 539 F.3d at 1139; *see also Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007) ("Petitioner's 1998 removal order was issued pursuant to § 1225(b)(1). As a result, we lack jurisdiction to review any constitutional or statutory claims related to the underlying removal order in this case.")

Plaintiffs concede all of this. [*See* Doc. No. 15 at 5-6 ("Defendants correctly point out that review of an expedited removal order . . . can only be sought through a petition for writ of habeas corpus . . . [and such] habeas review is limited to determinations as to whether (1) the habeas petitioner is an alien; (2) he is the actual person named in the order . . .").] Moreover, Plaintiffs concede that this action is not and cannot be sought by habeas petition and, even if it were, it does not fit any of the narrow subsets of habeas review allowed. [*See* Doc. No. 15 at 6 ("Plaintiff De La Torre does not assert that he falls within any of the above stated [habeas determinations] . . . [he] cannot avail himself of the remedy of habeas corpus.")]. These uncontested facts result in this Court's lack of jurisdiction to review Torre-Flores's 1998 expedited removal. *See Garcia de*

---

nondiscretionary duty); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (mandamus jurisdiction requires petitioner to show an official failed to act on nondiscretionary duty). As to the Declaratory Judgment Act, it "does not by itself confer federal subject-matter jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). Rather, "[i]t only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 f.2d 77, 79 (9th Cir. 1983).

*Rincon*, 539 F.3d at 1139.

### B. No Jurisdiction Over Constitutional Challenge to Removal Regime

This court also lacks jurisdiction to hear Plaintiffs' "general attacks on the expedited removal process." *U.S. v. Barragan-Camarillo*, 460 Fed.Appx. 637, 639 (9th Cir. 2011) (quoting *U.S. v. Barajas-Alvarado*, 655 F.3d 1077, 1086 n.10 (9th Cir. 2011)). Pursuant to 8 U.S.C. § 1252(e)(3), titled "Challenges on validity of the system," jurisdiction over any constitutional challenge to the expedited removal regime is specifically limited to actions "instituted in the United States District Court for the District of Columbia." 8 U.S.C. § 1252(e)(3)(A). The Ninth Circuit has repeatedly acknowledged this explicit jurisdictional proscription. *See, e.g., Barragan-Camarillo*, 460 Fed. Appx. at 639 ("systemic constitutional challenges to the expedited removal statute or its implementing regulations are governed by 8 U.S.C. § 1252(e)(3) and may [only] be brought in limited circumstances in the United States District Court for the District of Columbia.") (citing *Barajas–Alvarado*, 655 F.3d at 1086 n. 10); *Li v. Eddy*, 259 F.3d 1132, 1136 (9th Cir. 2001) ("such systemic challenges are to be filed in the District of Columbia, and within 60 days of promulgation of the expedited removal procedures."), *vacated as moot*, *Li v. Eddy*, 324 F.3d 1109 (9th Cir. 2001).[5] Thus, this Court also lacks jurisdiction over Plaintiffs' constitutional challenge to the expedited removal regime itself.

Again, Plaintiffs appear to concede all of this. [*See* Doc. No. 15 at 6 ("challenges to the constitutionality of . . . expedited removal . . . can be heard only by the United States District Court for the District of Columbia.").] Plaintiffs further concede that this action indeed challenges the constitutionality of the expedited removal regime. [*See* Doc. No. 15 at 3 ("Plaintiffs brought this action challenging the policy of . . . placing aliens into expedited removal proceedings"); *see also id.* at 6 ("expedited removal proceedings . . . raise serious constitutional concerns, as well as the specter of the Suspension Clause.").] As such, this action raises a constitutional challenge that this Court lacks jurisdiction to hear.

### C. Plaintiff De La Torre Lacks Standing

Defendants also assert that De La Torre (Torre-Flores's son) lacks standing because he

---

[5] *See Garcia de Rincon*, 539 F.3d at 1141 n.4 (though "*Li* was vacated on mootness grounds . . . the case is analytically sound").

fails to allege any injury in fact. [Doc. No. 13-1 at 4.] "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S 400, 410 (1991). An exception can exist, but only where three criteria are satisfied: (1) the litigant must have suffered an injury in fact; (2) the litigant must have a close relation to the third party; and (3) there must exist some hindrance to the third party's ability to protect his or her own interest. *Id*. at 410–11.

Here, while the father-son relationship is close and Torre-Flores's ability to protect his own interests (to the extent any are recognized, *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("an alien seeking initial admission . . . has no constitutional rights regarding his application.")) is ostensibly hindered, De La Torre fails to allege any injury in fact to himself. His father was deported, but Plaintiffs have been unable to point to even a single case recognizing such circumstances as constituting injury in fact. *Cf. Burrafato v. Dept. of State*, 523 F.2d 554, 556-57 (2d. Cir. 1975) (removal of spouse does not constitute injury in fact); *but see Marin-Garcia v. Holder,* 647 F.3d 666, 670-71 (7th Cir. 2011) (affording third-party standing to removed illegal immigrant to litigate on behalf of his minor, U.S. citizen daughters). Thus, as to De La Torre, lack of standing appears to provide yet another reason this Court lacks jurisdiction.

For the foregoing reasons, the Court lacks jurisdiction[6] over the questions presented in this case and thus Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) is **GRANTED.**

## II.     **Failure to State A Claim**

Defendants alternatively move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. [Doc. No. 13-1 at 4-7.] On such a motion, "[d]ismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011).

---

[6]     Plaintiffs make no request for transfer, but Defendants specifically oppose transfer to the District Court of the District of Columbia. [*See* Doc. No. 17 at 1.] A case is "transferable" when three conditions are met: "(1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir.2006). The District Court for D.C. would lack jurisdiction to review Plaintiffs' expedited removal order due to the same restrictions barring this Court, and would lack jurisdiction over Plaintiffs' constitutional challenge because 60 days have passed since implementation. *See American Immigration Lawyers Ass'n*, 199 F.3d at 1357. Transfer to the District of Columbia is thus inappropriate.

Specific claims for relief are not identified in the complaint, but Plaintiffs' claims appear to rest on the assertion that Torre-Flores's June 1998 expedited removal was erroneous. [*See, e.g.*, Doc. No. 1 at 7-8 ("violation his right . . by erroneously placing him in . . . expedited removal . . .").] Plaintiffs allege that, under 8 U.S.C. § 1252(b)(1)(A)(iii), expedited removal proceedings cannot apply to aliens present in the United States for the two years immediately preceding the date of the determination of inadmissability. [*See, e.g.*, Doc. No. 1 at 7-8.][7]

Though the parties dispute the existence of such an exemption, even if it exists, it clearly did not apply to Torre-Flores on June 16, 1998 - he concedes that he was applying for admission from Mexico and had been there since May 1998. [Doc. No. 1 at 6.] Thus, on June 16, 1998, Torre-Flores had necessarily broken his continuous presence in the United States, was an arriving alien presenting false documentation, and thus was subject to expedited removal. *See Lazama-Garcia v. Holder*, 666 F.3d 518, 528 (9th Cir. 2011) ("aliens [] who had entered the United States without inspection [that then] depart and attempt to reenter [are] 'arriving aliens' and will be inadmissable.") (internal citations omitted); 8 C.F.R. § 1235.3(b)(1)(ii) ("Any absence from the United States shall serve to break the period of continuous physical presence.").

Nor can Torre-Flores state a claim based on the Suspension Clause.[8] [*Cf.* Doc. No. 15 at 6-7 ("This raises serious constitutional concerns, as well as the specter of the Suspension Clause . . .

---

[7] Defendants also argue that jurisdiction to review or mandate the actions of consular officials in lacking, [Doc. No. 13-1 at 7], and Plaintiffs make no rebuttal, [*see* Doc. No. 15]. "Federal courts are generally without power to review the actions of consular officials." *Rivas v. Napolitano*, 677 F.3d 849, 850-851 (9th Cir. 2012); *see also Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 971 (9th Cir. 1986) ("Exercising jurisdiction . . . violate[s] the long-recognized judicial nonreviewability of a consul's decision to grant or deny a visa.."). Nor do either of two recognized exceptions apply: the "suit challenges [neither] the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion," *cf. Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir.1997), nor a consular official's denial of a visa without a "facially legitimate and bona fide reason," *cf. Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008).

[8] The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. The Supreme Court has held, however, that "the substitution of a collateral remedy which is neither inadequate nor ineffective . . . does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977); *see also INS v. St. Cyr*, 533 U.S. 289, 314 n. 38 (2001) ("Congress could, without raising any constitutional questions, provide an adequate substitute" to habeas relief.).

).]⁹ Indeed, he "has no constitutional due process right . . . because []he is a non-resident alien seeking entry." *Garcia de Rincon*, 539 F.3d at 1141-42; *see also Landon*, 459 U.S. at 32 ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). Morever, the District Court for the District of Columbia, and in turn the D.C. Circuit Court of Appeals, have already considered and held lawful the jurisdictional restrictions Plaintiffs challenge here. *See American Immigration Lawyers Ass'n v. Reno*, 199 F.3d 1352, 1357 (D.C. Cir. 2000) (finding lawful expedited removal jurisdictional restrictions in subsection 1252(e)(3)); *accord Garcia de Rincon*, 539 F.3d at 1141-42 (finding narrow habeas review under expedited removal regime does not run afoul of the Suspension Clause). As such, not only does this court lack jurisdiction over Plaintiffs' vague Suspension Clause challenge, but both the only court that does have jurisdiction and the Ninth Circuit have already rejected it. Thus, because Plaintiffs fail to allege any cognizable legal theory, Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is **GRANTED**.

### III.    Summary Judgment

Defendants also move in the alternative for summary judgment, pointing to the absence of any dispute as to material fact. [Doc. No. 13-1 at 1; Doc. No. 17 at 2 n.2.] Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The parties here agree as to nearly every fact. The only dispute is whether the inspection agents inquired into Torre-Flores's prior residence during the June 1998 expedited removal

---

[9] Plaintiffs assert that the Supreme Court's analysis in *Boumediene v. Bush*, 553 U.S. 723 (2008), "gives reason to doubt the constitutionality of the current expedited removal regime," but fail to explain why. [Doc. No. 15 at 7.] In any event, the Ninth Circuit has affirmed the constitutionality of the expedited removal regime post-*Boumediene*. *See Garcia de Rincon*, 539 F.3d at 1139 (the "narrow habeas review of expedited removal orders does not raise [Suspension Clause] problems.").

proceeding. [*Compare* Doc. No. 15 at 4 ("The officer did not question [Torre-Flores] about his residence for the previous 2 years . . ."), *with* Doc. No. 17 at 2 n.2 (" . . . administrative file show they were fully aware that he had been living in the United States for eight years.").] That dispute is plainly immaterial because regardless of any such inquiry, on June 16, 1998, Torre-Flores would have been subject to expedited removal as an arriving alien presenting invalid documentation. Moreover, it is uncontested that Plaintiff was arriving from Mexico and could not have been in the United States for the two years immediately preceding his expedited removal. *See Lazama-Garcia v. Holder*, 666 F.3d at 528 ("aliens [] who had entered the United States without inspection [that then] depart and attempt to reenter [are] 'arriving aliens' and will be inadmissible.") (internal citations omitted); *see also* 8 C.F.R. § 1235.3(b)(1)(ii) ("Any absence from the United States shall serve to break the period of continuous physical presence."). Nor have Plaintiffs come forward with anything beyond the complaint to show any dispute as to material fact. *Celotex Corp.*, 477 U.S. at 324 (complaint alone will not defeat a properly supported motion for summary judgment).

Thus, it is uncontested both that Torre-Flores is an alien who applied for admission to the United States with false documentation and that he was thus properly subject to expedited removal. *See* 8 U.S.C. § 1225(b). Under these undisputed facts, Plaintiffs fail to support any cognizable claim for relief and Defendants are entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322. Thus, Defendants' motion for summary judgment is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss for both lack of subject matter jurisdiction and failure to state a claim, and **GRANTS** Defendants' motion for summary judgment. Accordingly, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** July 25, 2012

**IRMA E. GONZALEZ**
**United States District Judge**